No. 05-1073

 In re Hurricane Rita Evacuation Bus Fire

 On Review By The Multidistrict Litigation Panel

Justice Peeples delivered the opinion for a unanimous Multidistrict
Litigation Panel

 Before us is a motion to appoint a pretrial judge for six lawsuits,
pending in two counties, which arise from one common incident. For the
reasons stated below, we grant the motion without an oral hearing. See
rule 13.3(k). A pretrial judge has been appointed by separate order.
 On September 22, 2005, as Hurricane Rita approached the southeast
Texas gulf coast, defendant Brighton Gardens evacuated some of the
residents from its assisted living and health care facility in Houston,
placing them on a bus that had been chartered through defendant Global
Charter Services. Early the next day, the bus caught fire near Dallas,
causing the death of twenty-three persons and injuring several others. Six
lawsuits arising from this incident have been filed in state court-four in
Hidalgo County and two in Harris County. Two other cases have been filed
in federal court. The defendants have asked this panel to consolidate the
six state cases for pretrial proceedings before one judge. Several of the
plaintiffs have objected to that request; one firm representing plaintiffs
does not object, provided that a pretrial judge from Houston is chosen.
 Administrative rule 13 empowers the MDL Panel to transfer related
cases (i.e. those involving one or more common questions of fact) from
trial courts in different counties to a single pretrial court for
coordinated pretrial handling. The pretrial court's authority over
transferred cases is extensive and complete. See Rule 13.6. From time to
time, as the pretrial court concludes that cases are ready for trial, it
will remand them to the original trial courts for trial in the county of
venue. See Rule 13.7.
 The MDL panel may order transfer if it will (1) serve the convenience
of the parties and witnesses and (2) promote the just and efficient conduct
of the litigation. See Rule 13.3. The movant need not show that anyone
has already been inconvenienced or that there are existing problems to be
addressed. See In re Silica Products Liability Litigation, 166 S.W.3d 3
(Tex. M.D.L. Panel 2004.) Instead we must simply be convinced that
transfer to a pretrial judge would promote Rule 13's goals of convenience
and efficiency.
 These cases arise from one common event, and no one has seriously
denied that the liability issues in each of them will be substantially the
same. We recognize that different attorneys will develop and try their
cases differently, that not every defendant before us has been sued in
every case, that different expert witnesses may be involved, and that the
damages will differ from case to case, as they always do. But the lawyers
will be examining the same large pool of employees and fact witnesses. At
the least, the witnesses will include those who dealt with the bus as it
made its way from South Texas to Houston and then toward Dallas, those who
witnessed the fire itself, those who responded to the scene to provide
rescue and medical care, and those who investigated it. When rule 13
voices its concern for efficiency and for the convenience of parties and
witnesses, it has such persons in mind. While none of them have yet been
subjected to conflicting demands or repetitive discovery, we conclude that
assigning one pretrial judge to handle the cases arising from this one
tragic event will further rule 13's laudable goals of efficiency and
convenience.
 Plaintiffs argue that many of them are not similarly situated. Some
plaintiffs, for example, were receiving healthcare at Brighton Gardens, and
on some causes of action they may have to comply with the statutory rules
for healthcare claims. See Tex. Civ. Prac. & Rem. Code Ch. 74. Other
plaintiffs may have been on the job for their employers during the incident
and may therefore face workers compensation issues that other plaintiffs do
not. There may indeed be differences. But every case is different. No
two cases are alike. A rule 13 transfer of cases does not require that the
cases be congruent or anything close to it. It requires only that cases be
"related"-i.e. that they involve one or more common questions of fact- and
that transfer will serve the convenience of the parties and witnesses and
promote the just and efficient conduct of the litigation.
 Because these criteria are overwhelmingly shown in this group of
lawsuits arising from the same event, the Motion to Transfer is granted.

 ________________________________
 David Peeples, Justice

OPINION DELIVERED: March 6, 2006